UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-80351-CIV-MARRA

DR. RANDY DEAN, individually and on
behalf of all other similarly situated,

    Plaintiff,

vs.

NORTH PALM PAIN MANAGEMENT,
INC., a Florida corporation,
ANTHONY LATERZA, individually, and
DONNA M. PALEMIRE, individually,

    Defendants.
_____/

**OPINION AND ORDER**

THIS CAUSE is before the Court upon Defendants', Anthony Laterza ("Laterza") and Donna M. Palemire ("Palemire"), Motion to Dismiss Frivalous [sic] Complaint Causing Lack of Jurisdiction (DE 7). Plaintiff Dr. Randy Dean ("Plaintiff") filed a response (DE 9), and Palemire and Laterza failed to file timely replies. The Court has carefully considered the briefs and is fully advised in the premises.

**Background**

The Complaint filed by Plaintiff in this case alleges that Defendants Laterza and Palemire, along with Defendant North Palm Pain Management, Inc., violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and section 448 of the Florida Statutes (DE 1). Plaintiff alleges that all Defendants failed to compensate Plaintiff at a rate equal to the federal minimum wage requirement for work performed while employed by the Defendants. *Id.*

**Legal Standard**

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is . . . and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  Therefore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950.  When considering a motion to dismiss for failure to state a claim, the court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted).

**Discussion**

Defendants Laterza and Palemire filed this motion to dismiss *pro se* asserting that Plaintiff's action should have been brought in small claims court as only $2,000.00 in possible damages are at issue (DE 7).  They also argue that they were improperly sued in their individual capacities when neither Laterza nor Palemire were Plaintiff's "employers" and Laterza had relinquished ownership of North Palm Pain Management, Inc., prior to Plaintiff's employment there.  *Id.*  In response, Plaintiff contends that this Court has jurisdiction over the matter because one of the two counts of the Complaint alleges a violation of a federal statute (DE 9).  Plaintiff also asserts that Laterza and Palemire are prematurely claiming that they were not his employer

as discovery has not been completed and that a motion for summary judgment is the proper avenue for such argument. *Id.*

With regard to Laterza and Palemire's argument concerning subject matter jurisdiction, it is axiomatic that federal courts are courts of limited jurisdiction. *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir.2001). In this case, however, Plaintiff has alleged a cause of action for violation of the FLSA in Count I of the Complaint (DE 1). Therefore, the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and 1337(a). The Court has supplemental jurisdiction over the state claim pursuant to 28 U.S.C. § 1367(a).

Next, Laterza and Palemire argue that they cannot be sued in their individual capacities. On the face of the complaint, Plaintiff has asserted with regard to both Laterza and Palmire that each defendant "owned and operated North Palm Management," "acted and acts directly in the interests of North Palm Management," and "was and is an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d)" (DE 1 ¶¶ 6-7). The Court, at this stage of the proceeding, must accept these assertions as true as the Court cannot look past the four corners of the complaint to determine the relationship of the different parties. *See St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002)("The scope of the review must be limited to the four corners of the complaint.") The Court concludes that these assertions are sufficient for pleading purposes to establish that Laterza and Palemire are proper defendants.[1]

---

[1] Pursuant to 29 U.S.C. § 203(d), the term "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." In addition, section 448.101(3), Florida Statutes, defines "employer" as "any private individual, firm, partnership, institution, corporation, or association that employs ten or more persons." Plaintiff's allegations place Laterza and Palmire within the ambit of the federal and Florida statutes.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Frivalous [sic] Complaint Causing Lack of Jurisdiction (DE 7) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County Florida, this 15th day of September, 2011.

_____
KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of record